RENDERED:  OCTOBER 21, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0266-MR

BRENT YOAKUM                                                                                    APPELLANT

v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE ANN BAILEY SMITH, JUDGE
ACTION NO. 20-CI-002230

TT OF B. LOUISVILLE, INC.                                                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, McNEILL, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE:  Brent Yoakum ("Appellant") appeals from an order of

the Jefferson Circuit Court granting the motion of TT of B. Louisville, Inc.

("Appellee") for summary judgment.[1]  Appellant argues that genuine issues of

material fact preclude summary judgment; that Appellee engaged in false, unfair,

and deceptive practices; that the parties have not completed a vehicle purchase

---

[1] The pleadings show Appellee's name as TT of B. Louisville, Inc., d/b/a BMW of Louisville.

agreement; and, that Appellee unjustly converted funds from the sale of his vehicle. He seeks an order reversing the summary judgment and remanding the matter for further proceedings. Finding no error, we affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

In 2007, Appellant's father, Ralph Yoakum ("Mr. Yoakum"), purchased a BMW automobile which was titled in Mr. Yoakum's name. In 2016, Mr. Yoakum transferred the title to Appellant.

Appellee is a BMW automobile dealership located in Louisville, Kentucky. In May 2019, Appellant brought the 2007 BMW to Appellee for several repairs, including an engine oil leak. Rather than pay the estimated repair cost of over $5,000, Appellant and his father decided to trade in the 2007 BMW and purchase a 2016 BMW. Mr. Yoakum was involved in the transaction as co-purchaser because Appellant could not secure a loan without him.

On May 21, 2019, Appellant, Mr. Yoakum, and Appellee completed the necessary paperwork to trade in the 2007 BMW and purchase the 2016 BMW. Mr. Yoakum was designated as "buyer" and Appellant was shown as "co-buyer" of the 2016 BMW. The title application indicated that Mr. Yoakum "OR" Appellant would be title holders of the 2016 BMW. The purchase was contingent on Appellant and Mr. Yoakum securing a loan, which was accomplished on their behalf by Appellee's finance department. After Appellant received a $2,000 credit

for the trade in of the 2007 BMW, Mr. Yoakum wrote a check to Appellee in the amount of $14,000.18, with the balance financed.

The following day, Appellant was arrested on an outstanding bench warrant. He was also charged with felony possession of a controlled substance and drug paraphernalia charges.

Mr. Yoakum would later state by way of affidavit that he decided to return the 2016 BMW to Appellee because he was upset about Appellant's arrest. On May 28, 2019, Mr. Yoakum contacted Appellee and requested returning the vehicle and getting his money back. Appellee informed Mr. Yoakum that the purchase could not be undone. Mr. Yoakum then decided to trade in the 2016 BMW he and Appellant had purchased one week earlier, and purchase in its place a 2019 BMW. The 2019 BMW was titled solely in Mr. Yoakum's name, and was purchased for himself rather than Appellant. Since title to the 2016 BMW was in the name of Mr. Yoakum "OR" Appellant, Mr. Yoakum was able to trade in the 2016 BMW without Appellant's consent or participation.

On April 1, 2020, Appellant filed the instant action against Appellee in Jefferson Circuit Court. Appellant's complaint alleged violation of the Kentucky Consumer Protection Act;[2] breach of an implied covenant of good faith and fair dealing; unjust enrichment; and conversion. Appellant's claims centered

---

[2] Kentucky Revised Statutes ("KRS") Chapter 367.

on his contention that Appellee engaged in fraud by forging his signature, altering title application documents, and falsely notarizing documents which improperly allowed Mr. Yoakum to trade in the 2016 BMW. Appellant asserted that Appellee forged the title application documents to include the "OR" language. He claimed that the original documents showed, or should have showed, the purchasers to be Appellant "AND" Mr. Yoakum. The import of this claim is that the alleged forgery and fraud engaged in by Appellee allowed Mr. Yoakum to improperly trade in the 2016 BMW without Appellant's consent or authorization.

The matter proceeded in Jefferson Circuit Court, where affidavits and deposition testimony were adduced from several witnesses, including Appellee's finance manager, Aldina Pekmezovic ("Ms. Pekmezovic"). Ms. Pekmezovic stated in her deposition that she observed Appellant and Mr. Yoakum complete and sign the various loan documents. Mr. Yoakum stated in his affidavit that his signatures and those of Appellant were valid. Appellant said that he signed several documents but could not recall specific details about their contents.

On July 15, 2021, Appellee filed a motion for summary judgment. In support of the motion, Appellee argued that Appellant could produce no proof in support of the claims set out in the complaint. On February 15, 2022, the Jefferson Circuit Court entered an order granting the motion, and this appeal followed.

## STANDARD OF REVIEW

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Kentucky Rules of Civil Procedure ("CR") 56.03. "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. *Id.* "Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact." *Id.* Finally, "[t]he standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

## ARGUMENTS AND ANALYSIS

Appellant, through counsel, argues that the Jefferson Circuit Court committed reversible error in granting Appellee's motion for summary judgment.

He directs our attention to what he claims are several genuine issues of material fact which preclude summary judgment. He characterizes as a factual dispute the question of whether Appellee had the authority to check the "OR" box on the title application rather than the "AND" box which would have established joint title to the 2016 BMW. Appellant asserts that he gave Appellee no authority to check the "OR" box on the application. Appellant also directs our attention to the fact that Appellee has claimed that Mr. Yoakum executed a $14,000.00 check as a down payment on the 2016 BMW, when the check was actually in the amount of $14,000.18. Appellant also points to other unresolved issues which he argues preclude summary judgment. Those issues include: the date that Ally Bank approved the loan on the 2016 BMW; Appellee's authority to sign Mr. Yoakum's name on an application for a duplicate title for the 2007 BMW; and whether Appellee's conduct justifies an award of punitive damages. In sum, Appellant seeks an opinion and order reversing the order of summary judgment and remanding the matter for further proceedings. In response, Appellee argues that the record is void of any evidence in support of Appellant's claims, that no genuine issues of material fact are found in the record, and that the order on appeal should be affirmed.

Appellant's claims center on the application of the Kentucky Consumer Protection Act, KRS 367.220(1), which states:

> Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by KRS 367.170, may bring an action . . . to recover actual damages. The court may, in its discretion, award actual damages and may provide such equitable relief as it deems necessary or proper. Nothing in this subsection shall be construed to limit a person's right to seek punitive damages where appropriate.

Unlawful acts are defined in the Act as "[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce[.]" KRS 367.170(1). The term "unfair" means "unconscionable." KRS 367.170(2).

The dispositive question for our consideration is whether the Jefferson Circuit Court correctly found that there are no genuine issues of material fact, and that Appellee is entitled to a judgment as a matter of law. *Scifres*, 916 S.W.2d at 781. We must answer this question in the affirmative. Appellant has not raised any genuine issues of material fact in support of his claim that Appellee engaged in unfair, false, misleading, or deceptive acts per KRS 367.220(1). Appellant acknowledged that he has no memory of any specific discussions or representations made on the issue of joint ownership of the 2016 BMW, and Mr. Yoakum and Ms. Pekmezovic each testified as to the authenticity of the signatures and the proper execution of the purchase agreement and title application. Mr.

Yoakum recognized his son's signatures on the relevant documents, and stated that he observed Appellant sign every document.

Nothing in the record supports Appellant's claim that the applicable documents, powers of attorney, and duplicate title applications evince unfair, false, misleading, or deceptive acts committed by Appellee. No evidence exists that Appellee altered any documents, nor that it checked the "OR" box on the title application contrary to Appellant's wishes. Mr. Yoakum stated in his affidavit that he wanted the "OR" box checked due to Appellant's legal issues. He also stated that it was Appellant's intention that the "OR" box was checked.

Appellant asserts that Appellee fabricated power of attorney instruments as part of its fraudulent scheme, forged a title transfer, falsified a title application, engaged in a pattern and practice of falsely notarizing signatures, and made material misrepresentations to both Ally Bank and Mr. Yoakum to improperly induce their participation in the loan and the second sales transaction. Nothing in the documentary or testimonial evidence supports these claims. Further, there is no basis for concluding that the parties failed to consummate the sale of the 2016 BMW as argued by Appellant. There is also no evidence that Appellee improperly retained and converted the 2007 BMW nor wrongfully absconded with Appellant's personal items or proceeds of the sale. Even when viewing the record in a light most favorable to Appellant, and resolving all doubts

in his favor, we find no circumstances under which Appellant could produce evidence at trial warranting a judgment in his favor. *Steelvest, Inc.*, 807 S.W.2d at 480.

## CONCLUSION

Having closely examined the record and the law, and after careful review, we conclude that the Jefferson Circuit Court correctly found that there are no genuine issues as to any material fact and that Appellee is entitled to a judgment as a matter of law. *Scifres*, *supra*. Accordingly, we find no error and affirm the order of the Jefferson Circuit Court granting Appellee's motion for summary judgment.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Zachary L. Taylor
Louisville, Kentucky

BRIEF FOR APPELLEE:

Liam E. Felsen
Jason Renzelmann
Louisville, Kentucky